# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01370-RPM

SEAN LONGDO

Plaintiff,

v.

JOE PELLE, in his official capacity as Sheriff of Boulder County, Colorado,

Defendants.

## OFFER OF JUDGMENT

Pursuant to Fed. R. Civ. P. 68, Defendant Joe Pelle in his official capacity as Boulder County Sheriff, by and through Dea M. Wheeler, Assistant Boulder County Attorney, offers judgment to be taken by Plaintiff Sean Longdo against Defendant upon the following terms:

1. The amount of the judgment shall be $2500.00 and an additional sum for accrued costs and reasonable attorney fees accrued by Plaintiff's attorneys to date and attributable to the claims against Defendant as allowed by law under 29 U.S.C. § 794a(b), with such costs and fees to be determined by stipulation of the parties or by the Court;

2. Within 30 days after acceptance of this Offer, Defendant will adopt the attached revised ADA Compliance Policy regarding Deaf and Hard of Hearing into the Boulder County Sheriff's Office Policy and Procedures Manual.

3. This Offer includes all potential liability of Defendant in regard to the claims and allegations in Plaintiff's complaint;

4. This Offer is made for the purposes specified in Fed. R. Civ. P. 68, and is

not to be construed as either an admission that Defendant is liable in this action, that any of his policies are deficient, or that Plaintiff has suffered any damage;

5. This Offer shall not be filed with the Court unless a) accepted or b) in a proceeding to determine costs and fees; and

6. This Offer will remain open for acceptance for fourteen (14) days after it is served and will be deemed withdrawn if not accepted in writing within that time pursuant to Fed. R. Civ. P. 68.

Dated this 23th day of May 2016.

Respectfully submitted,

BOULDER COUNTY ATTORNEY

By: _____
Dea M. Wheeler
Assistant County Attorney
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
dwheeler@bouldercounty.org

*Attorney for Boulder County Sheriff, Joe Pelle*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2016, I served the foregoing **OFFER OF JUDGMENT** upon the following via Electronic Mail:

Kevin W. Williams, Esq.
Andrew C. Montoya, Esq.
Colorado Cross-Disability Coalition Legal Program
1385 S. Colorado Blvd., Suite 610-A
Denver, CO  80222
kwilliams@ccdconline.org
amontoya@ccdconline.org
(720) 336-1036

                                                  /s/ Kari Goodnight
                                                  Kari Goodnight

**BOULDER COUNTY SHERIFF'S OFFICE**
**POLICY AND PROCEDURES MANUAL**

| | | |
|---|---|---|
| **SUBJECT:** | ADA Compliance – Deaf and Hard of Hearing | **NUMBER:** 522 |

**EFFECTIVE:** TBD

**POLICY:**

It is the policy of the Boulder County Sheriff's Office to ensure that a consistently high level of service is provided to all community members, including those who are deaf or hard of hearing. The Sheriff's Office has specific legal obligations under the Americans with Disabilities Act to communicate effectively with people who are deaf or hard of hearing. Therefore, Sheriff's Office employees are to comply with the directives of this policy when interacting with any person who is in need of, and/or subject to, public safety and or law enforcement services.

The tenets of this policy are built from a set of values that include, but are not limited to, the following:

- People who are deaf or hard of hearing are entitled to a level of service and communication equivalent to that provided to any other person.

- The Boulder County Sheriff's Office recognizes and accepts an obligation to ensure that its deputies and employees communicate effectively with people who are deaf or hard of hearing.

- Effective communication can be facilitated through the use of various types of auxiliary aids and services and Sheriff's employees strive to match the most effective aid or service with the individual by balancing the individual's usual method of communication with the nature, importance, and duration of the communication at issue. The Sheriff's employees must give primary consideration (defined below) to the type of auxiliary aid or service requested by a deaf or hard of hearing individual, unless doing so presents an undue administrative burden on the jail at the time or causes the individual unnecessary delay in release.

**DEFINITIONS:**

<u>Deaf or Hard of Hearing</u>: a person who has a functional hearing loss of sufficient severity to prevent aural comprehension even with the assistance of hearing aids.

<u>Qualified Interpreter</u>: An interpreter who is able to interpret effectively, accurately and impartially both receptively and expressively, using any necessary specialized vocabulary. Primary consideration should be placed on obtaining an individual who holds a current certification issued by the registry of interpreters for the deaf or a successor organization, which shall be made available for immediate inspection and review by any consumer of such interpretation services. Primary consideration must also be given to provide an interpreter certified to provide legal interpretation when the interpretation might be used as evidence of any violations of laws or regulations, including making reasonable efforts to provide an interpreter for major violations related to inmate conduct. The interpreter does not require a legal interpretation certification for simpler communications including, for example, basic communications with inmates regarding

**BOULDER COUNTY SHERIFF'S OFFICE**
**POLICY AND PROCEDURES MANUAL**

the booking process, the routine operation of the Boulder County Jail, and interpretation of many Inmate Services or Programs.

<u>Effective Communication</u>: communication with a deaf or hard of hearing individual that is as effective, both expressively and receptively, as communication with others..

**PROCEDURE:**

I. Assistance Dog

   A. A disabled person with an assistance dog has the same rights to access public places and services as any other person. An assistance dog means a dog that has been or is being trained as a guide dog, hearing dog, or service dog. (C.R.S. § 24-34-803). The Boulder County Jail will make reasonable efforts to accommodate the use of such assistance, weighing all of the concerns of inmate and staff safety, and staff resources.

II. Deaf or Hard of Hearing

   A. Under the Americans with Disabilities Act (ADA), people who identify themselves as deaf or hard of hearing are entitled to a level of service and communication equivalent to that provided to hearing persons. Boulder County Sheriff's Office personnel are to ensure that they communicate effectively with those who identify themselves as deaf or hard of hearing.

   B. Sheriff's office personnel encountering any person who identifies themselves as deaf or hard of hearing are to immediately notify the shift supervisor or watch commander. The supervisor/commander is to secure and provide appropriate auxiliary aids or services to ensure effective and accurate communication with individuals who are deaf or hard of hearing. The supervisor/commander is to give primary consideration to the particular auxiliary aid or service requested by the deaf or hard of hearing individual so long as it is not an undue administrative burden and would not otherwise cause delay in the individual's release. Such auxiliary aids include, but are not limited to:

      1. Use of a qualified oral or sign interpreter
      2. Use of gestures or visual aids to supplement oral communication
      3. Use of a pen or pencil to exchange written notes
      4. Use of phone or other electronic communication device available
      5. Use of an assistive listening system or device to amplify sounds
      6. Use of computers or typewriter
      7. Use of Teletypewriters (TTY), Videophones (VRS), or UBIDUO device.

**BOULDER COUNTY SHERIFF'S OFFICE**
**POLICY AND PROCEDURES MANUAL**

8. Only in truly emergency circumstances, use of family members or friends of the individual (patrol and investigations only)

    a. Personnel shall refrain from using family members or friends of the deaf individual, unless either requested by the deaf or hard of hearing individual, or it is emergent and necessary to communicate immediately and no other option is available. The nature, level of importance, and duration of the communication at issue are to be weighed before using family members or friends of the deaf individual.

C. Primary consideration is to be given to providing the type of communication aid or service requested by the individual. Attempts are to be made to determine what type of auxiliary aid or service the individual prefers. The individual's choice is to be accommodated unless another equally effective form of communication is available given the circumstances, importance of the communication, as well as the communication skills of the person who is deaf or hard of hearing.

III. Qualified Sign Language Interpreting Services

A. The Operations Division Administrative Commander, or designee, is to develop and maintain a list of qualified sign language interpreting services that are available on-call, 24 hours per day, and are able to provide qualified interpreters, as needed. The interpretation services are to have qualified interpreters with legally recognized qualifications, when necessary, as defined above. The list is to be made available to all Sheriff's Office personnel via the Sheriff's Office intranet, and in Communications, Jail booking and Operations administration. The list shall be updated annually to ensure that such services are available when needed.

B. When an interpreter is needed because a deaf or hard of hearing individual requested one or based on evaluations of Sheriff's Office personnel, the employee is to take the following actions:

   1. Contact the on-duty supervisor and seek approval to contact an interpreting service.

   2. The supervisor shall grant approval unless there is a different, identified auxiliary aid or service that still ensures effective communication.

   3. Once approval is obtained, the employee is to personally contact, or request that Communications contact, an approved sign language interpreting service and request the use of a qualified interpreter.

   4. Specify whether a legal, oral, or a sign language interpreter is needed.

C. Document the use of the interpreting service in the inmate's file and any other appropriate reporting location, and notify sheriff's accounting by voicemail or email that an interpreter was used.

**BOULDER COUNTY SHERIFF'S OFFICE
POLICY AND PROCEDURES MANUAL**

    D. Persons who are deaf or hard of hearing are not to be charged for the cost of an auxiliary aid or service needed for effective communication.

IV. Summons and Complaint

    A. At the time that a Summons and Complaint is issued to a deaf or hard of hearing person, the deputy is to ensure that effective communication is achieved. Issuing deputies are to use appropriate discretion in deciding whether or not to call an interpreter to the scene; however primary consideration should be given to obtaining a qualified interpreter to ensure effective communication.

        1. This includes weighing any possible misunderstanding and the desire of the individual to await the arrival of the interpreter.

    B. On any summons and complaint issued to a deaf or hard of hearing individual, the deputy is to write on the face of the summons: "Deaf or Hard of Hearing Individual – Interpreter Required". This note alerts court officials to summon a qualified interpreter for the court proceedings, minimizing delays and postponements.

V. Arrest Procedure

    A. When a deputy has probable cause to arrest an individual who is deaf or hard of hearing, he or she is to ensure that the individual has access to auxiliary aids and services necessary to ensure effective communication as soon as practicable during the arrest. The type of auxiliary aid or service necessary may depend on the circumstances of the arrest and the specific requests of the deaf or hard of hearing individual. When a deputy determines that it is necessary to handcuff an individual who is deaf or hard of hearing, the deputy shall, safety permitting, handcuff the individual with his or her hands in front to permit the individual to communicate in sign language and writing. The deputy shall have the discretion to determine whether or not it is safe to handcuff the individual with his or her hands in front.

    B. When possible, an interpreter is to be requested prior to a deaf or hard of hearing individual being arrested; however, deputies are not required to delay an arrest of a deaf or hard of hearing person based solely on the lack of an interpreter. Nevertheless, when a deaf or hard of hearing individual is arrested without a qualified interpreter, a qualified interpreter should be provided as soon as practicable following the arrest.

    C. Arrest of a deaf or hard of hearing person is to be supported by probable cause developed without the questioning or interrogation of the deaf or hard of hearing person. An interpreter is to be provided before any questioning of the suspect takes place and before verbally advising the suspect of his or her Miranda Rights.

    D. Prior to the arrival of the interpreter, the deputy is to write messages to the suspect or witness in simple language explaining what is transpiring or is going to transpire. However, the deputy should, safety permitting, minimize communication prior to

**BOULDER COUNTY SHERIFF'S OFFICE**
**POLICY AND PROCEDURES MANUAL**

the arrival of the interpreter. In writing, the deputy shall notify the deaf or hard of hearing individual that an interpreter has been requested.

E. No other questioning, interviews or interrogations are to be conducted without an interpreter present. Do not verbally advise the deaf person of their Miranda Rights without the interpreter present, and do not seek a waiver of Miranda Rights without the interpreter present.

F. Once an interpreter has arrived, use him or her to facilitate all communication with the deaf or hard of hearing individual.

G. At the conclusion of the arrest, if the deaf or hard of hearing individual is to be placed into jail, the interpreter is asked, when possible, to accompany the deputy to the jail to complete the book-in process. If the interpreter is unable to accompany the deputy to the jail to complete the book-in process, the deputy shall immediately contact a shift supervisor/watch commander to secure another qualified interpreter for the book-in process. If in an interpreter is not immediately available, the deputy will use other appropriate auxiliary aids and services to maximize effective communication.

H. At the conclusion of the arrest, if a deaf or hard of hearing witness or other member of the public is to be questioned or interviewed, whether orally or in writing, the interpreter is asked, when possible, to remain with the deputy and the witness or other member of the public to complete the questioning or interview. If the interpreter is unable to remain with the deputy and the witness or other member of the public to complete the questioning or interview, the deputy shall immediately contact a shift supervisor/watch commander to secure another qualified interpreter for the questioning or interview. If in an interpreter is not immediately available, the deputy will use other appropriate auxiliary aids and services to maximize effective communication.

VI. Interview/Interrogation

A. Interviews or interrogations of individuals who identify themselves as deaf or hard of hearing are to be completed using the services of a qualified interpreter. These would include any interviews with victims, witnesses, suspects, arrestees, or inmates. Lengthy or complex interviews or interrogations might require multiple interpreters due to interpreters' professional standards and regulations if suggested by the interpreter.

1. Individuals are to be notified that the service of a qualified interpreter is provided free of charge to them.

B. Procedures for utilizing an interpreter are as follows:

1. Contact a supervisor and obtain approval to use a qualified legal interpreter.

**BOULDER COUNTY SHERIFF'S OFFICE**
**POLICY AND PROCEDURES MANUAL**

2. Supervisor approval shall be granted unless there is a different, identified auxiliary aid or service that still ensures effective communication.

3. Contact an interpreter from the Sheriff's Office list of qualified sign language interpreting services.

4. Establish the location of the interview/interrogation with the interpreter and supervisor, as necessary.

5. Document all aspects of the interview/interrogation, including the name and contact information of the qualified interpreter, the time the interpreting service was contacted, and the time the qualified interpreter arrived in the original report or supplemental report pertaining to the case.

    a. Documentation can also be accomplished through the use of an electronic recording of the interview until such time as the interview can be reduced to writing.

6. Advise Sheriff's Accounting via email or voicemail that an interpreter was used.

VII. Evidence

A. All written correspondence exchanged with a person who is deaf or hard of hearing in a criminal case or investigation, whether the correspondence is with a witness or suspect, is to be placed into evidence under the appropriate case report number. This includes any notes exchanged between the individual and deputy. Any correspondence exchanged with a person who is deaf or hard of hearing that is not related to a criminal case or investigation shall be returned to the deaf or hard of hearing individual.

B. Placement of any notes into evidence does not take the place of documenting the conversation in the narrative section of the case report.

C. In non-custodial interactions (i.e. traffic stops) deputies shall place any written notes exchanged with a deaf or hard of hearing individual into evidence under the appropriate case report or summons number.

VIII. In Custody, Charged with New Crime

A. When an inmate who is deaf or hard of hearing is in custody and is being charged with a new crime, the services of a qualified interpreter are to be used to notify the inmate of his constitutional rights prior to any attempts to interrogate or take a statement.

IX. Other Situations

**BOULDER COUNTY SHERIFF'S OFFICE**
**POLICY AND PROCEDURES MANUAL**

    A. In situations where communication is simple and basic, gestures and/or an exchange of written notes are likely to be sufficient to communicate efficiently without the need of an interpreter. Urgent or exigent situations may also necessitate the use of gestures or an exchange of notes, but the type of communication being used should be reevaluated as soon as practicable once the urgency or exigency has abated to determine the most effective type of communication for the situation.

X. Telephone Service

    A. Access to TDD, TTY, Video Phone, UBIDUO, or equivalent telephone services is to be made available to all inmates who are deaf or hard of hearing when the inmate qualifies for phone use as described in Jail Procedure III: Telephone Use, under Jail Policy 0920, Module Supervision, (link: http://insidebc/sites/sheriff/Documents/jailpolicy.pdf).

XI. Inmate Privileges

    A. Jail inmates may have specific privileges which may include access to the special programs as described in Section 19 of the Jail Policy Manual.

    B. Deaf or hard of hearing inmates who wish to attend programs and who require the use of interpretation services or who have other special needs, are to submit a 'Program Attendance Request' form to a deputy at least 48 hours in advance of the scheduled program. The deputy receiving the request form is to immediately notify the appropriate supervisor and/or designated program director. The supervisor or program director is responsible for scheduling an interpreter or making other arrangements.

        1. If a 'Program Attendance Request' form is submitted to a deputy less than 48 hours in advance of the scheduled program but during such period of time prior to the scheduled program that an inmate who is not deaf or hard of hearing would be permitted to attend, the deaf or hard of hearing inmate shall be permitted to attend the scheduled program, and the supervisor or program director shall still attempt to secure a qualified interpreter for the scheduled program. In the event that the supervisor or program director is unable to secure a qualified interpreter for the scheduled program, Personnel shall immediately notify the deaf or hard of hearing individual that he or she can attend the scheduled program without a qualified interpreter, and shall notify the individual of the requirements of this Section XI of this policy.

        2. If the deaf or hard of hearing inmate is unable to complete the written 'Program Attendance Request' form on the basis of his or her disability, Personnel shall either waive the requirement that the form be utilized and shall document such waiver in a conspicuous location within the inmate's file or shall assist the inmate with completing the form, which

**BOULDER COUNTY SHERIFF'S OFFICE**
**POLICY AND PROCEDURES MANUAL**

assistance might require the use of a qualified interpreter to ensure effective communication between the inmate and the Sheriff's personnel.

C. All personnel are to ensure that any verbal communication given to the hearing inmate population is effectively communicated to any deaf or hard of hearing inmates.

D. Module deputies making announcements via the public announcement (P.A.) system are to ensure the deaf or hard of hearing person is made aware of the information as soon as practicable. **The deputy communicating the contents of the P.A. announcement to deaf or hard of hearing inmates shall make every effort to document the time when the information was communicated to the inmates.** Inmates who are deaf or hard of hearing shall not be disciplined for failing to follow any orders made via the P.A. system prior to the time that such inmate was notified of the contents of the communication by a deputy. Module deputies will also utilize the UBIDUO device to provide this service where applicable.

E. An inmate may request interpretation assistance through the module deputy at any time, including if the inmate identifies as deaf or hard of hearing, cannot read, write or speak English, or if it has been determined that the inmate does not understand the jail disciplinary process.

F. In order to ensure that the deaf or hard of hearing are given the ability to fully understand any disciplinary actions charged against them, a qualified interpreter is to be utilized at any time when the inmate is incapable of effectively understanding written communication.

XII. Inmate Interaction - Booking

A. When a deputy or booking Law Enforcement Technician becomes aware that a person is deaf or hard of hearing in the booking area, a supervisor is to be notified so that the most appropriate form of auxiliary aids and services for communication during the booking process can be determined.

B. Primary consideration is to be given to the type of communication aid requested by the inmate. Types of communication may include but are not limited to:

   1. qualified sign language interpretation
   2. hearing aid
   3. written communication
   4. text messaging
   5. 3rd party qualified video interpretation (VRS)

C. In all instances, documentation of the communication is necessary.

**BOULDER COUNTY SHERIFF'S OFFICE**
**POLICY AND PROCEDURES MANUAL**

      1. When written communication is used, those notes are to be placed in the inmate's file in ISU.

      2. When a sign language interpreter is to be utilized, a request for an interpreter is made from the approved list, after receiving approval from a supervisor. Approval shall be given unless there is a different, identified auxiliary aid or service that still ensures effective communication.

      3. Upon arrival at the jail, the interpreter is to be escorted by a deputy to the booking area to assist in the completion of the booking process.

D. During the intake screening with the classifications deputy, the deputy is to complete a 'Deaf and/or Hard of Hearing' intake form, which identifies or describes the inmate's preferred method of communication.

E. During the medical intake screening, a notation is to be made on the inmates screening sheet that the inmate is deaf or hard of hearing.

By Order of the Sheriff,

_____                    _____
Joseph K. Pelle, Sheriff                                                    Date